```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NOS. 2:13-00273-01
                                                     2:19-00027

**ANTOINE MAURICE BROWN**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On January 18, 2023, the United States of America appeared by M. Ryan Blackwell, Assistant United States Attorney, and the defendant, Antoine Maurice Brown, appeared in person and by his counsel, David R. Bungard, for a hearing on the petition, seeking revocation of supervised release submitted by United States Probation Officer Patrick M. Fidler.  The defendant commenced a twenty-eight month term of supervised release in criminal action 2:13-00273 concurrently with a three-year term of supervised release in criminal action 2:19-00027 on May 13, 2022, as more fully set forth in the Supervised Release Revocation and Judgment Order entered on July 24, 2019, in criminal action 2:13-00273, and Judgment in a Criminal Case Order entered on the same date in criminal action 2:19-00027.

The court heard the admissions and objections of the defendant, the evidence adduced by the parties, and the representations and arguments of counsel.

For the reasons set forth in the findings of facts and conclusions of law set forth on the record of the hearing of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects:  (1) on June 16, 2022, the defendant committed the offense of possession with intent to distribute marijuana, in violation of federal, state and local laws; (2) on the same date, the defendant was in possession of marijuana, a controlled substance; (3) on the same date, the defendant unlawfully used a controlled substance in that he smoked a "roach" of marijuana; and, (4) as of June 28, 2022, the defendant failed to inform his probation officer about his contact with law enforcement officers on June 16, 2022; all as set forth in the petition on supervised release, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of

supervised release in criminal actions 2:13-00273 and 2:19-00027, and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the two supervised release terms the defendant was serving in these criminal actions beginning May 13, 2022, be, and they hereby are, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of **TEN (10) MONTHS**, in criminal action 2:13-00273, and **TEN (10) MONTHS** imprisonment in criminal action 2:19-00027, which terms of imprisonment shall run concurrently with each other, for a total of **TEN (10) MONTHS** imprisonment, with no further term of supervised release in criminal action 2:13-00273, and with **TWENTY-SIX (26) MONTHS** of supervised release in criminal action 2:19-00027 with the same terms and conditions as heretofore.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: January 23, 2023

John T. Copenhaver, Jr.
Senior United States District Judge